ALLEN, J.,
concurring.
I fully concur in the majority opinion and write only to offer some brief observa *101 tions regarding our en banc consideration of this case. Florida Rule of Appellate Procedure 9.331 authorizes en banc consideration of a “case” of exceptional importance. Although some members of this court would apparently limit this authority to those cases in which a legal “issue” of exceptional importance is presented, it seems to me that there may be circumstances in which the involvement of a particular party in a case or some unique aspect of the case’s procedural history could cause the case to be of exceptional importance even though the precise legal issues involved might be of a rather routine nature. In the present case, however, even the demanding standard of those judges who would require an issue of exceptional importance is amply satisfied by this court’s reversal of the trial court’s denial of restitution in the amount of nearly a million dollars. Restitution for this very substantial sum is obviously important to the defrauded taxpayers of Escam-bia County. Even more significantly, however, our resolution of this issue firmly establishes the exceptionally important principle that political subdivisions of the State of Florida are entitled to restitution for their financial losses when they fall prey to persons violating the criminal laws of this state.